DUNKIN *vs.* LAWRENCE.

When an injunction is dissolved upon the matter of the bill only, it is to be regarded
   as a final decision that the plaintiff was not equitably entitled to the injunction ;
   and the defendant is entitled to a reference to ascertain his damages, under the
   31st rule of the late court of chancery, which corresponds with the 21st rule in
   equity of the supreme court.
But when the injunction is dissolved upon bill and answer, the final decision upon
   the equity of the bill is not to be deemed to have been made until the final hear-
   ing and decision of the cause.

IN EQUITY.  Upon filing the bill in this cause, the plaintiff,
with two sureties, executed a bond to the defendant, in the pen-
alty of $800, conditioned to pay such damages as he might
sustain by reason of the injunction to be issued in this cause, if
the court should eventually decide that the plaintiff was not
equitably entitled to such injunction ; such damages to be as-
certained by a reference to a master, or otherwise, as the chan-
cellor or vice chancellor having jurisdiction of the cause in
which such injunction issued should direct.  The injunction
issued upon the filing of this bond, was subsequently dissolved
on the matter of the bill only.  The defendant now moved for
a reference to ascertain and report what damages he had sus-
tained by reason of the issuing of the injunction.

*W. T. Horn,* for the defendant.

*G. Clark,* for the plaintiff.

HARRIS, J.  I am not aware that any decision has been
made by the chancellor, which determines when a party is at
liberty to apply for a reference under the provisions of the 31st
rule of the late court of chancery, which corresponds in its pro-
visions with the 21st rule in equity of this court.  It was my
impression, upon the argument of the motion, that the proper
construction of the rule would not allow a reference until the

Dunkin *v.* Lawrence.

cause had been finally disposed of upon the merits. I still think this the construction which ought to be adopted, where the injunction has been dissolved upon the coming in of the answer. Although the equity of the bill may be denied in the answer, so as to entitle the defendant to have the injunction dissolved, it may turn out, upon taking the proofs, that the bill was true and the answer false; and in that case it will eventually be decided that the plaintiff was equitably entitled to the injunction. The word " eventually," as used in the rule, and in the condition of the bond, relates to the final decision upon the equity of the bill itself. If the injunction is dissolved upon the matter of the bill alone, it is to be regarded as a final decision, and the court cannot subsequently determine that the plaintiff was equitably entitled to the injunction, without reversing its decision dissolving the injunction. But when the injunction is dissolved upon the bill and answer, and because the answer denies the matters of the bill upon which the injunction rests, it may eventually appear, upon the subsequent hearing of the cause, that the bill was true and the answer false, and although the injunction had been dissolved, yet that in fact the plaintiff was equitably entitled to the injunction. I think, therefore, the true construction and meaning of the rule is, that when an injunction is dissolved upon the matter of the bill only, it is to be regarded as a final decision that the plaintiff was not equitably entitled to the injunction; and the defendant is entitled to the reference provided for in the rule. But where the injunction is dissolved upon bill and answer, the final decision upon the equity of the bill is not to be deemed to have been made until the final hearing and decision of the cause.

In this case, the injunction having been dissolved on the matter of the bill only, the defendant is entitled to an order referring it to Samuel M. Woodruff, Esquire, or any other suitable person to be agreed upon by the counsel for the parties, to ascertain and report the damages he has sustained by reason of the issuing of the injunction.