THE TALLAHASSEE RAIL ROAD COMPANY, PLAINTIFFS IN ERROR, VS. HAYWARD AND WALKER, DEFENDANTS IN ERROR.

An injunction bond becomes forfeited on the dissolution of the injunction ; and upon the failure of the obligors to perform the conditions, a right of action accrues to the obligee for the penalty of the bond. The Court is bound to give judgment for the penalty, and such damages as may be ascertained by a jury for the breaches proved.

The bond declared on must be described with such precision, certainty and clearness as to fully apprise the defendants of the cause of action which they are required to answer. It is sufficient for the plaintiff to set forth such facts in his declaration as constitute a breach of the condition. The extent of the damages is matter of proof, to be ascertained by the jury.

Where the condition of the bond is to pay the balance due upon a certain judg-

ment specifically mentioned and set forth in a decretal order of the Court, bearing a particular date, and ten per cent. thereon, the precise amount of such judgment need not be stated in the declaration, that being a matter of proof on the trial.

Error to the Circuit Court of Leon County.

Hon. J. WAYLES BAKER, Judge.

The defendants in error sued in the Court below on an injunction bond conditioned for the payment of the balance due on a certain judgment therein referred to, and ten per cent. thereon   The suit was brought after the dissolution of the injunction, for the recovery of ten per cent. on the amount of said judgment.

Issue was joined, and a jury being waived, a trial was had before the Court, and a judgment entered against the plaintiffs in error for the sum of $941.

The plaintiffs in error, defendants in the Court below, then moved in arrest of judgment, for the reasons appearing in the assignment of errors here, which are set forth in the opinion delivered by the Court, the motion in arrest having been overruled in the Court below.

*Baltzell* for plaintiffs in error.

*Archer* and *G. K. Walker* for defendants in error.

SEMMES, *Justice*, delivered the opinion of the Court.

The appeal taken in this case having been dismissed, for reasons contained in the opinion of the Court delivered at this term, the case is now presented for our consideration upon a writ of error subsequently awarded by the Court.

The suit is an action of debt, commenced in Leon Circuit Court, upon an injunction bond executed by the plaintiffs in error on the 7th December, 1850, and payable to the defendants in the penal sum of $18,417 70.

The bond recites that in a certain cause in Chancery,

pending in the Circuit Court of Leon County, wherein the Tallahassee Railroad Company were complainants, and Hayward & Walker and others were respondents, the Judge of said Court granted an injunction upon certain conditions set out in the decretal order, made and entered on the 7th of December, 1850, on the minute book of said Court, &c.

The condition of the said bond is that the Tallahassee Railroad Company shall well and truly pay the balance due upon a certain judgment and execution mentioned and set forth in said decretal order, and ten per cent. thereon, in case said injunction shall be dissolved, or the bill be dismissed.

The declaration is in the usual form, making profert of the bond, averring a dissolution of the injunction, and assigning as breaches the failure on the part of the obligors to pay the balance due on said judgment and ten per cent. thereon. The defendants, after craving oyer of the bond, plead performance of its conditions ; upon which issue was taken and the parties went to trial. A jury being waived, the cause was submitted to the Judge of the Court below, who, upon the evidence, rendered a judgment for the plaintiffs below, in the penalty of the bond and nine hundred and forty-one dollars as damages, to be discharged by the payment of the said damages.

The defendants, in the Court below moved in arrest of judgment on the following grounds :

*First.* The declaration is imperfect, deficient, and sets forth no sufficient cause of action to enable the Court to render judgment against the defendants.

*Second.* There is no allegation of a judgment, nor of the amount of the balance of the judgment, nor of the amount of damages claimed as due to the plaintiffs, nor is there a

414 SUPREME COURT,

Tallahassee R. R. Co. vs. Hayward & Walker.—Opinion of Court.

direct averment of the dissolution of the injunction, without which no judgment could be rendered for plaintiffs.

This motion was overruled by the Court, and judgment entered up for the plaintiffs.

The defendants below assign the following grounds of error :

*First.* The Circuit Court erred in giving judgment for plaintiffs below.

*Second.* Judgment should have been arrested, and the motion for that purpose should have been granted, and not overruled.

*Third.* The judgment is for too much, even upon the *data assumed* by the Court. .

*Fourth.* The obligation of the defendants below, was to pay the balance due upon the judgment and execution, mentioned in the decretal order of the 7th of December, 1850, and ten per cent. thereon, when in fact there is no averment in the declaration of the amount of said judgment or execution, the time of rendition, the Court which rendered the same, or any other circumstance connected therewith.

*Fifth.* The judgment is informal, irregular and illegal, being for $18,417 70, and $941 damages, to be discharged by the payment of $941.

It is unnecessary to notice separately these several assignments of error. An examination of some of the leading questions, arising from them will dispose of the others. One of the main rules laid down by all writers, upon the subject of pleading is, that the declaration should set forth the facts of the case with certainty, by which is understood a clear and distinct statement of the facts, which constitute the cause of action, so that they may be understood by the party who is to answer them, by the jury who are to ascertain their truth, and by the Court who is to pro-

nounce the judgment. Applying this rule to the declaration before us, is it liable to any one of the objections raised by counsel for plaintiffs in error? We think not.

The cause of action in this case is manifestly the bond declared on, and not as is insisted by counsel; the judgment and execution enjoined by the Court, and for the payment of which, with ten per. cent, the bond was executed.

On the injunction being dissolved, and the obligors failing to perform the conditions, the bond became forfeited, and the right of action accrued to the defendant, in error, to demand the *penalty*. This they sued for, and by the judgment of the Court, recovered.

It cannot be pretended, but that the bond is declared on with such precision, certainty and clearness, that the defendants were fully apprised of the cause of action, and what they were called on to answer.

But it is insisted that, upon the pleadings, the Court could not, consistently with the rules of law, give judgment for the *penalty*, or assess any damage. But the Court below was bound, under the pleadings upon the issue being maintained, to give judgment for the *penalty*, and assess such damages, as the evidence proved the plaintiffs were entitled to recover.

At common law, the plaintiff not only had judgment for the penalty in the bond, but was also entitled to take out execution for the whole amount, without any regard to the actual damage he had sustained by a breach of the covenant, and the defendant was compelled to resort to a Court of Chancery to relieve him from the excess of the penalty, over and above the damages, the plaintiff had sustained. But by the statute, 8 and 9 W. 3, c. 11, § 8, and the construction given it by the English Courts, the plaintiff was bound to assign the breaches of such covenants as he proceeded to recover

satisfaction for, and the jury were bound to assess not only the damages and costs as before, but also damages for such of the breaches as the plaintiff upon the trial of the issues should prove to have been broken, and the like judgment was entered up as before the passage of the statute, which was for the debt (penalty,) nominal damages and costs. The execution issued for the debt and cost recovered, but was endorsed to levy only the damages assessed for the breaches of the covenant and costs. The true character of the plaintiff's *demand*, upon suit on the bond, is the same under this statute as it was at common law. He sues for the penalty, and is entitled to a judgment for the penalty, but the statute being remedial in its character, while it secures to the plaintiff relief to the extent of the damages he has actually sustained, protects a defendant from the payment of any further sum than is in conscience due.

The action being on the bond and for the recovery of the penalty, it is sufficient for the plaintiff to state in his declaration such facts as constitute a breach of the condition, and thereby shew a title to demand the penalty. But it never was held necessary either before or after the passage of this statute for the plaintiff to aver that he had sustained damages by reason of the breaches.

The law will imply damages, and the extent of them is matter of proof, to be ascertained by the jury. The condition of the bond in this case was to pay the balance due upon a certain judgment and execution mentioned and set forth in the decretal order of the Court of the 7th December, 1850, and ten per cent. thereon. The precise amount of this judgment was a subject matter to be proved on the trial, and not necessary to be averred in the declaration to sustain the cause of action or the issue presented by the pleadings.

As to the third ground assigned as error, not having be-

fore us the data upon which the Court below based its judgment in assessing damages, we cannot say whether they are too much or too little.

With nothing to guide us but the record, we are bound to presume that the Court below did not *assume* any data, but pronounced its judgment upon the evidence, and that the evidence was sufficient to warrant the judgment. If the defendant below desired this Court to review the testimony given on the trial, he should have made it a part of the record by bill of exceptions or otherwise. We cannot go beyond the record, and judge of the force and effect of evidence not incorporated in it.

In regard to the averment, in the declaration, of the dissolution of the injunction, the Court is satisfied that it is sufficient. In point of form, an averment may be in any words amounting to an express allegation of the existence of a particular fact. This has been done in this averment, besides the words used are precisely those recommended by Mr. Chitty in his Treatise on Pleading. 1 Chitty, 324.

Independent of the foregoing considerations, the Court is satisfied that, if any defect existed in the pleadings in this case, they have been cured by the verdict, because it became necessary to prove the facts alleged to have been imperfectly stated or omitted, and without which the judgment could not have been rendered. Arch. Pl. 164. 6 Pick. Rep. 413.

Let the judgment below be affirmed.