## SUPREME COURT.

WHITING WEEKS agt. GEORGE SOUTHWICK and others.

Where, in the progress of the action, an injunction has been dissolved on motion of defendant, and a report of a referee in the action subsequently made in favor of the defendant, but *no judgment entered,* the defendant is not entitled to an order of reference to ascertain his *damages* by means of the *injunction.* He must wait until the court shall *finally decide* that the plaintiff was not entitled thereto—that is, until judgment is perfected. (*This agrees with Shearman* agt. *N. Y. Central Mills,* 11 *How. Pr. R.* 269.)

In an action to compel the specific performance of a contract for the sale of real estate, the prevailing party is not entitled to an *extra allowance* under § 308 of the Code. The action is for mere equitable relief, and is not within the provisions of § 308.

A party will be charged with the *costs of a motion,* where otherwise he would not, *if he asks costs against his opponent without any foundation for it.*

*Albany Special Term, July,* 1855.
MOTION for reference, &c.

The action was brought to compel a specific performance of a contract for the sale of real estate. A preliminary injunction was granted, restraining the defendants from committing waste, &c. A motion was subsequently made to dissolve the injunction. The motion was founded on the pleadings, and was granted.

In April, 1855, the cause was referred for hearing and decision; and, in July, the referee made his report, dismissing the complaint, with costs. No judgment has been entered upon the report.

The defendants moved for a reference, to ascertain and report the amount of damages sustained by the defendants, by reason of the issuing of the injunction, and also for an extra allowance of costs, and for the costs of the motion.

W. S. KENYON, *for plaintiff.*
E. COOKE, *for defendants.*

HARRIS, Justice. The motion for a reference is premature. The undertaking, upon issuing the injunction, is, that the plaintiff will pay to the party enjoined, such damages as he may sustain by reason of the injunction, *if the court shall finally decide that he was not entitled thereto.* Such final decision cannot be said to have been made in this case. True, the report of the referee is to that effect. But judgment has not been entered upon that report. It may never be entered. Until it is entered, so that the decision of the referee becomes the judgment of the court, the defendant's right to damages is only contingent. (*See Code,* § 222 ; *Dunkin* agt. *Lawrence,* 1 *Barb.* 447.)

Nor is this a case for an extra allowance. The action is not brought to recover money or property, but merely for equitable relief. Such a case is not within the provisions of the 308th section of the Code. (*See Sprong* agt. *Snyder,* 6 *How.* 11 ; *Osborn* agt. *Betts,* 8 *id.* 31.)

I should not have thought this a proper case for charging the defendants with the costs of the motion, were it not for the fact that they have themselves claimed such costs, without presenting, in their own papers, a case which, under any circumstances, would have entitled them to costs.

The motion must, therefore, be denied, with costs.