## SIZER ET AL. VS. ANTHONY.

Upon the dissolution of an injunction, the defendant may sue upon the injunction bond to recover the damages assessed on such dissolution, without waiting until a final decree in the chancery suit, or suing out execution on the decree.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

GARLAND & RANDOLPH, for the appellants.

WILLIAMS & MARTIN for the appellee.

Mr. Justice COMPTON delivered the opinion of the Court.

This was an action of debt brought by Mary S. Anthony, against the securities in an injunction bond, to recover damages assessed to her on the dissolution of the injunction.

On demurrer to the declaration, two questions were raised : 1st, Whether after the dissolution of the injunction and before the final determination of the suit in chancery, an action on the bond would lie ; and 2d, whether the obligee should have sued out an execution on the decree dissolving the injunction before resorting to her remedy on the bond. The condition of the bond is an answer to both these propositions ; that states— after reciting that Philip L. Anthony was about to sue out of the Prairie Circuit Court in Chancery a writ of injunction to restrain Mary S. Anthony and others from removing certain negro slaves beyond the jurisdiction of the court—that " if the said Philip L. Anthony shall abide the decision that may be

30

made in the matter of said injunction, and pay all sums of money and costs that may be adjudged against him if said injunction shall be dissolved in whole, or in part, then the above obligation to be void, otherwise to remain in force ; " and there is nothing in the statute (*Gould's Dig. Ch.* 88,) regulating the issuance of writs of injunction which requires that the suit in chancery shall be finally determined before an action on the bond can be maintained.    On the contrary, upon a sound construction of the statute, when the injunction was dissolved, Mrs. Anthony's right of action on the bond to recover the damages decreed to her, was complete·   Nor was she compelled to pursue her remedy on the decree before resorting to that on the bond, for the reason, that neither the bond nor the statute requires her to do so.

The court did not err, therefore, in overruling the demurrer to the declaration, and the judgment must be affirmed with costs.