[Department Two. — February 16, 1883.]

GEORGE DOUGHERTY, RESPONDENT, v. MAURICE DORE, APPELLANT.

INJUNCTION — STATUTE OF LIMITATIONS. — A cause of action upon an undertaking for an injunction does not accrue until the final determination of the action in which the injunction was obtained.

ID. — FINDING — DAMAGES. — The injunction was obtained to restrain the plaintiff herein, who was the defendant in the injunction suit, from prosecuting certain street work in San Francisco under a contract with the superintendent of streets. The court found in substance that the plaintiff had procured materials for the work of the value of twelve hundred dollars, and that by reason of the injunction these materials were lost and destroyed without any fault on the part of the plaintiff. Damages were awarded in accordance with this finding. *Held*, that the damages were sufficiently proximate to warrant their recovery.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Action upon an undertaking for an injunction. The complaint was filed March 19, 1879. The action in which the injunction was obtained was commenced in 1870, and on the 1st of October, 1870, the court vacated the order previously made granting an injunction. The cause was afterwards tried, and on the 12th of March, 1877, a final judgment was entered therein in favor of the defendant — the plaintiff in this action — from which no appeal was taken. The other facts appear in the opinion of the court.

*Harmon & Galpin,* for Appellants.

The cause of action accrued when the District Court finally decided that the plaintiffs were not entitled to the injunction to procure which the bond was given, that is to say, October 1st, 1870, and the action is barred by § 337, Code Civ. Proc. (*Webber* v. *Wilcox,* 45 Cal. 301; *Fowler* v. *Frisbie,* 37 Cal. 35.)

The conclusion of law that plaintiff is entitled to payment for twelve hundred dollars costs to replace sixteen hundred cubic yards of grading washed away by reason of said injunction is not sustained by the finding. The injunction was neither cause, proximate nor remote, of the damage. (*Polack* v. *Pioche,* 35 Cal. 417; §§ 3300, 3301, Civ. Code; Sedgwick Measure Damages, pp. 58–62; *Dorwin* v. *Potter,* 5 Denio, 306.)

*J. C. Bates,* for Respondent.

PER CURIAM. — In *Clark* v. *Clayton,* 61 Cal. 634, we held that an action brought upon an undertaking for an injunction after the dissolution of the injunction, but before the final determination of the action in which the injunction was obtained, was prematurely brought. There are several reported cases which sustain that doctrine. (*Gray* v. *Veirs,* 33 Md. 159; *Penny* v. *Holberg,* 53 Miss. 567; *Bemis* v. *Gannett,* 8 Neb. 236.)

In *Dowling* v. *Polack,* 18 Cal. 625, this precise question was not involved, but the court in its opinion indicates very clearly that its views upon this question were in accord with the doctrine of the cases above cited.

In *Fowler* v. *Frisbie,* 37 Cal. 34, the court held that an order dissolving an injunction was *prima facie,* at least, an adjudication that there was no foundation for the injunction, and that it ought not to have issued, and refused to reverse the judgment on the ground that the action was prematurely brought, but reversed it on another ground. In the reporter's statement of the case it is said that "no judgment in *Frisbie* v. *Fowler et al.* was offered in evidence." From which we feel authorized to infer that it did not appear whether or not there had been a final determination of the action in which the injunction was sued out. In the case now before us it does appear that the action in which the injunction was sued out was not finally

determined until within three years before the commencement of this action. No case or text-writer was cited in support of the doctrine laid down in *Fowler* v. *Frisbie, supra,* and we very much doubt its soundness.

In High on Injunctions it is said (§ 1649) that "the general rule is that upon the dissolution of an injunction and failure on the part of the obligors to comply with the conditions of the bond, a right of action at once accrues," and two cases, and two only, viz., *Tallahasse R. R. Co.* v. *Hayward,* 4 Fla. 411, and *Sizer* v. *Anthony,* 22 Ark. 465, are cited to support that assertion. But in each of those cases the condition of the bond was that the party who sued out the injunction should, in the event of its being *dissolved,* pay such sum as should be adjudged against him. In the case at bar the defendants' promise, "that in case said injunction shall issue the said plaintiffs will pay to the said parties enjoined such damages, not exceeding the sum of five thousand dollars, as such parties may sustain by reason of the said injunction if the said District Court finally decide that the said plaintiffs were not entitled thereto." If our Code had provided for the giving of a bond or undertaking with a condition that if the injunction should be dissolved the obligors would pay the obligee the damages which he might sustain by reason of the injunction, a right of action upon such a bond would undoubtedly accrue as soon as the injunction should be dissolved. Not because the court had *finally* decided that the party who sued out the injunction was not entitled thereto, but because the obligors had agreed to pay said damages if the injunction should be dissolved.

On the whole we are satisfied with the decision of *Clark* v. *Clayton, supra,* and we do not think that the court erred in overruling the demurrer to the plaintiff's complaint.

The appellant further insists that the findings do not support the judgment. The findings show that the plaintiff was a street contractor, and that he had a contract for doing the work which he was temporarily enjoined by the injunction above mentioned from prosecuting, and "that by reason of said injunction and service thereof, and delay caused thereby, a large amount of material placed in said part of said street by said plaintiff, to wit, sixteen hundred cubic yards, which constituted

a portion of the grading of said street under said contract, was left without protection or any one to protect same, and was washed away by the action of the water, without any fault of plaintiff, and which said plaintiff had to and did replace at a cost and value of seventy-five cents per cubic yard."

It is urged that "the injunction was neither cause, proximate nor remote, of the damage."

It is doubtless well settled that "the liability upon an injunction bond is limited to such damages as arise from the suspension or invasion of vested legal rights by the injunction." (High on Injunctions, § 1663.)

But the finding is to the effect that the plaintiff in this action did sustain damages by reason of a forced suspension of his work. The injunction did not wash away the work or any part of it, but it prevented the plaintiff from taking measures to protect it against the action of the water. Such at least is the finding. It has been held that one who is enjoined from selling his property until after it has greatly depreciated in value may recover the amount of such depreciation against the party who wrongfully sued out the injunction. (*Meysenburg* v. *Schlieper*, 48 Mo. 426.)

In *Riddlesbarger* v. *McDaniel*, 38 Mo. 138, the court says: "If the party has been injured in consequence of the injunction, he is entitled to whatever damages he has sustained. Destruction of the premises or their deterioration, . . . . and all matters where the party has suffered loss or injury, may be taken into the account in assessing damages."

We are of opinion that the damages which the plaintiff is found to have sustained by reason of the suing out of an injunction which prevented him from prosecuting his work, are sufficiently proximate to justify the decision of the court below.

Judgment affirmed.