## THE BANK OF MONROE ET AL. v. GIFFORD ET AL.

1. **Injunction**: ACTION ON BOND: WHEN IT ACCRUES. Although a preliminary injunction may be dissolved upon motion before the final hearing upon the merits, an action for damages upon the bond will not lie until after the final hearing; because it may be that on the hearing upon the merits an injunction may yet be ordered, and thus it may appear that, notwithstanding the interlocutory dissolution, the injunction was not wrongfully sued out, and that there is no ground for an action on the bond.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, APRIL 8.

THIS is an action to recover damages upon an injunction bond. There was a demurrer to the petition, which was sustained. Plaintiffs appeal. The facts appear in the opinion.

*Winslow & Varnum* and *J. Kipp & Son*, for appellants.

*John F. Lacey* and *A. Clark*, for appellees.

ROTHROCK, J.—It appears from the averments of the petition that the defendant, Gifford, made a promissory note, and that the plaintiffs were the holders of the same. Gifford claimed that the note was void for some reason, which is not stated, and he commenced an action against the plaintiffs, and procured a temporary injunction restraining them from negotiating, selling, assigning, or indorsing the note. All of the defendants signed the bond required to be given upon the issuance of the injunction. A motion was made by the plaintiffs herein to dissolve the injunction. A hearing was had on the motion, and the injunction was dissolved; it having been determined and adjudged that the same was improperly granted, and the writ wrongfully issued. This action was brought upon the bond, and the demurrer is upon the following grounds: "(1) The petition does not show that the cause of action upon which plaintiffs claim has accrued. (2) The petition does not show that the original action, in which it is alleged that defendant sued out the injunction, has been tried or disposed of, or that any final judgment has been rendered therein."

The question is, did a right of action arise at once upon the dissolution of the temporary injunction? It was held by the court below that the right of action was not complete until the final disposition of the injunction cause. In section 1649 of High Inj., it is said that "the general rule is that upon the dissolution of an injunction, and a failure upon the part of the obligors to comply with the conditions of the bond, a right of action at once accrues. * * * It has been held, however, that no action at law can be maintained upon the bond until the final determination of the cause in which the injunction issued, even though the injunction has been dissolved upon appeal, and the cause remanded for further proceedings, since complainant is still entitled to pro-

ceed with his action, and may, on final hearing, establish his right to an injunction." As sustaining the rule that upon the dissolution of the injunction an action may be brought at once, the author cites *Railroad Co. v. Hayward*, 4 Fla., 411, and *Sizer v. Anthony*, 22 Ark., 465.

We think that the rule that no action accrues until the final determination of the injunction suit is much the better practice. Suppose that, on the final hearing on-the merits, it is adjudged that the holders of the note be enjoined from negotiating or indorsing it, would an action then lie upon the bond, and what would be the measure of damages? The plaintiff in the injunction case is not deprived of his right to demand an injunction upon the final hearing, because the temporary writ has been dissolved on motion, and, if he is entitled to an injunction under the proofs made on the final hearing, there can be no action upon the bond, because the final decree necessarily determines that the preliminary injunction was rightfully granted. In support of our conclusion, see *Bemis v. Gannett*, 8 Neb., 236; *Dowling v. Polack*, 18 Cal., 625; *Penny v. Holberg*, 53 Miss., 567. We think the demurrer to the petition was correctly sustained.

AFFIRMED.