KILPATRICK ET AL. v. HALEY ET AL.

1. EVIDENCE—EXPERT'S OPINION.
Upon a question as to the value of services rendered by an attorney, the jury cannot be concluded by testimony which is purely a statement of opinion by a lawyer.  Such testimony is entitled to consideration in connection with the facts upon which it is based, and is intended to assist the jury in reaching a conclusion upon the entire evidence; but they should give it only the weight to which, in the light of their own knowledge and experience, they may consider it entitled.
2. INJUNCTION BOND, ACTION ON.
An action on an injunction bond commenced after dissolution of the preliminary injunction, but before final judgment, is premature.

*Appeal from the District Court of Arapahoe County.*

Mr. THOMAS H. HOOD, for appellants.

Mr. W. T. HUGHES, for appellees.

THOMSON, J., delivered the opinion of the court.

This suit was brought by the appellees upon an injunction bond executed by the appellants in an action previously commenced by James G. Kilpatrick against the appellees.  At the trial, for the purpose of showing a portion of the damage sustained by reason of the injunction, to obtain which the bond was given, it was proved that the plaintiffs had paid $200 to an attorney for his services in procuring the dissolution of the injunction; and a lawyer was introduced, who testified that, in his opinion, $250 would have been a proper

charge for the services. Upon the question of the value of the services rendered, the defendants requested the court to instruct the jury that they were not bound by the testimony of the expert witness, but that it might be considered by them together with all the other evidence, showing the nature of the services, the time occupied in the performance of them, and the benefit derived by the plaintiffs from their rendition. The court refused to so instruct, and upon its own motion gave the following instruction:

"Upon the question of attorney's fees, there is nothing whatever open for you in this case, except to find, as to that matter, that the plaintiffs are entitled to recover $200; there is no evidence in the case except such evidence as supports that proposition."

If this instruction had pertained to a question of fact, concerning which there was no dispute, it would have been proper; but the jury cannot be concluded by testimony which is purely a statement of opinion. Expert testimony is entitled to consideration in connection with the facts upon which it is based, and is intended to assist the jury in reaching a conclusion upon the entire evidence; but they should give it only the weight to which, in the light of their own knowledge and experience, they may consider it entitled. Their judgment upon the facts is not to be supplanted by the opinions of witnesses. The defendants' request should have been granted; and the instruction given, inasmuch as it took from the jury a question the decision of which belonged peculiarly to them, was erroneous. *Leitensdorfer v. King*, 7 Colo. 436; *Head v. Hargrave*, 105 U. S. 45.

But we think the action was prematurely brought. The complaint alleges the allowance of a temporary injunction in the case of Kilpatrick against the appellees, and its subsequent dissolution by the court. The answer avers that the injunction was dissolved upon a preliminary hearing, but that the suit in which it was allowed was still pending and undetermined; and it was admitted at the trial that such was the fact. The complaint in that suit was introduced in evidence.

It alleged the execution to Kilpatrick by one George W. Beckley of a mortgage upon certain personal property, to secure an indebtedness from him to Kilpatrick, amounting to $878, subject to a prior mortgage upon the same property from Beckley to Reed & McGrew. It also stated that, upon the maturity of his mortgage, Kilpatrick took possession of the mortgaged property, and duly sold it, subject to the prior mortgage, to satisfy his claim; that at the sale he became the purchaser; that he tendered to the defendant Farrar, who had purchased and become the owner of Reed & McGrew's mortgage, the full amount due upon that mortgage, which Farrar not only refused to receive, but was attempting to deprive Kilpatrick of his possession; and that the defendant Haley claimed an interest in Farrar's mortgage, and the defendant Bates claimed to be in possession under it. All the defendants in that case were plaintiffs in this. The prayer was for an injunction restraining the defendants from interfering with Kilpatrick's possession, for a decree that the parties interested in the mortgage be compelled to receive the amount due upon it, and for general relief. The averments of the complaint were put in issue by the answer.

The effect of a decree in that case, in the plaintiff's favor, would have been to divest the defendants of all right and interest in the property, making the plaintiff's title under the sale made in pursuance of his mortgage perfect; and it would have been entirely proper, in the same decree, to reinstate the injunction and make it perpetual. The dissolution of the injunction was therefore not necessarily a final disposition of it; and, until it should be finally disposed of, there could be no right of action upon the bond. The great weight of authority is that until there has been a final determination of the suit in which the bond was executed, no action can be maintained upon it; and the uniform reason given is, that at the final hearing, upon evidence then adduced, the injunction may be reinstated and perpetuated. *Terry v. Trustees, etc.*, 72 Ill. 476; *Penny v. Holberg*, 53 Miss. 567; *Bank v.*

*Gifford*, 65 Iowa, 648 ; *Cohn v. Lehman*, 93 Mo. 574; *Bemis v. Gannett*, 8 Neb. 236 ; Murfree on Official Bonds, sec. 391.

At the time this suit was brought no right of action had accrued upon the bond, for the reason that the cause in which it was given was still pending. The judgment must therefore be reversed.

*Reversed.*