----

(Huron County, Court of Common Pleas.)
OSCAR H. WELCH, and IDA M. WELCH
v. W. B. BENHAM.

----

1. An action cannot be sustained upon an injunction bond, until the final termination of the suit in which the injunction issued.

2. A petition upon such bond which alleges no judicial action after the partial vacation of a temporary injunction by a judge at chambers, is defective. A final determination, in some form, that the injunction was improperly granted, should be averred. The interlocutory order of the judges is not such a final determination.

3. Where a petition fails to state facts constituting a cause of action, demurrers to an answer to such petition, will not be sustained.

----

Decision on Demurrer to Answer.
WILDMAN, J.

The petition in this case is for damages on an injunction bond executed by the defendant, as surety, in an action in which Almira A. Benham was plaintiff, and these plaintiffs were defendants.

It is alleged that in the former action, on August 17, 1895, a temporary injunction was obtained restraining the defendant in said action from certain acts; that on November 30, 1895, Judge Jno. L. Greene of the same court, at chambers, on motion, modified and in part dissolved the injunction and decided that the same ought not to have been granted in the respect wherein so modified and dissolved. It is claimed that the plaintiffs here were damaged by the issuance of the injunction, and were put to expense in procuring its modification, and the petition asks judgment accordingly.

The answer, in addition to certain denials, interposes what it denominates a first defense and a counterclaim, to each of which, the plaintiffs demur generally.

A demurrer searches the record, and if such record discloses substantial defects in the petition so that no valid judgment could be rendered upon it, and such defects are not cured by any averments in the answer, the demurrers to the answer ahould be overruled. A plea which will not avail against a sufficient petition, may be good enough against a petition itself defective. A demurrer aimed at such plea may prove more destructive at the breech, than at the muzzle.

The condition of the bond on which the action is brought, conforms to the statute, in providing for payment to the obligees of such damages as they may sustain by reason of the injunction "if it be finally decided that the said injunction ought not to have been granted." Until such final decision, in the sense contemplated by the law, there is no breach of the bond, and there can be no recovery.

Before examining more critically the averments of the petition, it may be well to examine some of the authorities, and determine what is the legal signifiance of the phrase used. I cite and quote the following.

"The same reasons which require that a verdict should not, by itself, be regarded as conclusive, are equally applicable to such interlocutory judgments and decrees as may, at any time, be modified or vacated by the court which rendered them." Freeman on Judgments, Sec. 251.

"An interlocutory decree may, on motion, at any time before final decree, be modified, altered or set aside, as the nature of the case may require." Kelly et al. v. Stanbery et al., 13 Ohio 408 see Evans v. Dunn et al. 26 O. S. 444; Mannix v. Commissioners, 43 O. S. 211; McConville et al. v. Lee et al. 31 O. S. 450-1

"Where an injunctions has been dissolved and afterward reinstated, no action will lie upon the bond as for a breach of its conditions, since the new injunction is regarded as but a continuation of the same cause." High on Injunctions, Sec. 958.

"It may be laid down as a general rule,

t hat no action at law can be maintained upon the bond until the final determination of the cause in which the injunction issued, even though the injunction has been dissolved upon appeal and the cause remanded for further proceedings, since complainant is still entitled to proceed with his cause, and may, on final hearing, establish his right to an injunction." High on Injunctions, sec. 981.

"Suit cannot be brought on an injunction bond until a final hearing, although the temporary injunction has been dissolved, because improperly granted and the writ wrongfully issued." 1 Beach on Injunctions, sec. 182; citing Monroe Bank v. Gifford, 65 Ia., 648.

"An action cannot be sustained upon an injunction bond until the final termination of the suit in which the injunction issued." 2 Am. & Eng. Encyc. of Law, 466 t.

"Until the suit is disposed of, it cannot be known that the injunction was wrongfully sued out." Thompson v. McNair, 44 N. C. 448.

"In Clark v. Clayton, 61 Cal., 634. it was held that an action brought upon an undertaking for an injunction after the dissolution of the injunction, but before the final determination of the action in which the injunction was obtained, was prematurely brought. 10 Am. & Eng. Ency. of Law, 989 n. 1. and numerous citations thereunder.

"It may be that on the hearing upon the merits an injunction may yet be ordered, and thus it may appear that, notwithstanding the interlocutory dissolution, the injunction was not wrongfully sued out and that there is no ground for an action on the bond." Same note with further citations. See also Atwood et al. v. Whipple, 48 O. S 314 and Ry. Co. v. Burke et al. 54 O. S. 98.

Examining the petition in this case with a view to the application of the forgoing well fortified principle. it appears nothing is said as to any action of either the court or its judge after the interlocutory order recited. For aught disclosed by the pleader, the former action may be still pending, or if determined, the injunction may have been restored in its entirely by the court's final decree. Clearly the petition is lacking in averments essential to the statement of a valid cause of action.

It was suggested, however, by counsel, in argument, that whatever defect in this regard may be found in the petition, is supplied by the so-called "counterclaim" in the defendant's anwser, reciting the rendition of a judgment in Almira A. Benham's favor in the original action in which the injunction issued.

The precise language of the answer is: "That said action has been determined by the said court, and the said court has given its judgment in favor of the said Almira A. Benham," etc. It is not al-

leged that the action had been determined at the inception of the present case; it is not alleged that the interlocutory modification of the injunction was left undisturbed in the final decree, nor is there any statement or admission equivalent to such allegation.

The modification of the injunction was made, as appears, on November 30, 1895; the petition in this case was verified only ten days thereafter, and filed December 13.1895. The answer, reciting the termination of the former case, was not filed until January 6, 1896. It may well be, for anything disclosed by the record, that the former suit had not been terminated when this one was begun.

It is hardly necessary to consider the question whether the parts of the answer demurred to, would be effective as against a sufficient petition.

The demurrer will be overruled for the reasons stated.

Stewart & Rowley Attorneys for Plaintiffs; S. M. Young for Defendant.

---

(Superior Court of Cincinnati.)