(Decided 1st July, 1870.)

---

## JOHN T. GRAY vs. SAMUEL C. VEIRS, JOSHUA DAVIS and JAMES F. BRADDOCK.

### *Action on an Injunction Bond.*

An action cannot be maintained on an injunction bond, until after the final termination of the suit in which the bond was issued.

Gray *vs.* Veirs, *et al.*

APPEAL from the Circuit Court for Montgomery County.

This was an action on an injunction bond, brought by the appellant against the appellees. The declaration stated that by an order of the Circuit Court for Montgomery county, in Equity, the injunction issued in a cause therein, wherein Samuel C. Veirs, was complainant, and John T. Gray, defendant, had been dissolved, and that upon appeal taken by the said Samuel C. Veirs, the judgment of said Circuit Court was affirmed with costs to the appellee, and *the cause remanded for further proceedings.* To this declaration, the defendants demurred generally. The Court ruled the demurrer good and judgment being against the plaintiff he appealed.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, MAULSBY, GRASON, MILLER, ALVEY and ROBINSON, J.

*Samuel Tyler,* for the appellant.

*Thomas Anderson* and *William H. Tuck,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is a suit upon an injunction bond, and the plaintiff in his declaration avers that the order below dissolving the injunction was affirmed by this Court upon appeal, and *the cause remanded to the Circuit Court for Montgomery county for further proceedings.*

No case was cited in the argument, nor have we been able to find one, in which a suit has been maintained upon an injunction bond until after *the final termination of the cause.*

If the injunction was dissolved upon bill and answer, and the cause remanded, the complainant has a right to proceed with his case, because he may overcome the denials in the answer by proof, and the Court may be of opinion upon final hearing that the injunction ought to be re-instated and made perpetual.

Now if the position of the appellant be correct, he would be entitled to recover damages and costs for a breach upon the injunction bond, pending the equity case, although it may appear by the proof and subsequent proceedings that the complainant was entitled to the relief prayed. Such cannot be the law.

The appellant might have contented himself with the averment that the injunction had not been prosecuted with effect, which would have rendered necessary an affirmative plea on the part of the appellee. But he undertook to show what had become of the equity case and how the injunction had been dissolved, and in doing this he disclosed a state of things, to wit, the pendency of the case, which if true, also indicated that there had not been such a breach of the bond as entitled the plaintiff to sue at that time.

We think therefore the Court was right in sustaining the demurrer, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 1st July, 1870.)