## WILLIAM PENNY ET AL. v. JACOB HOLBERG.

INJUNCTION BOND. *Action thereon.  When brought.*
   Until there has been a final disposition of the suit in which an injunction bond was executed, no action at law can be maintained upon the bond, nor does it alter the case that an order of partial dissolution of the injunction has been made, appealed from and affirmed, if the case has by the appellate court been remanded for further proceedings.

Error to the Circuit Court of Chickasaw County.

Hon. W. D. Bradford, Judge.

*McIntosh & Houston*, for the plaintiffs in error.

Where an injunction is dissolved in whole or in part, no suit or action can be maintained on the bond until the final determination of the suit, else the same may be reinstated on final hearing, and we would have this anomaly, a good cause of action when suit brought, and no cause of action afterwards when the injunction has been reinstated.   High on Injunctions, § 981.

*J. N. Carlisle*, for the defendant in error.

The condition of the injunction bond is broken by the dissolution of the injunction in part as well as by a total injunction, so that a right of action may accrue although the writ has not been wholly dissolved.   High on Injunctions, § 951.

Chalmers, J., delivered the opinion of the court.

The suit was prematurely brought.   It was an action upon an injunction bond given to restrain a sale of certain lands under an execution at law.   Upon final hearing, the Chancellor dissolved the injunction as to a portion of the lands, and retained the cause for further investigation and consideration as to the balance.   He granted an appeal from this decree to the Supreme Court, where the order was affirmed and the cause remanded for further proceedings touching the lands as to which no decree had been rendered.   Thereupon, without waiting for the action of the Chancery Court in relation to said lands, this suit was instituted in the Circuit Court upon the injunction bond.

It is undoubtedly true, as insisted by counsel for the appellee, that a suit may be maintained upon a partial dissolution of an injunction, for the recovery of such damages as were sustained by reason of its being sued out, to the extent that the same was wrongful; but this cannot be done until there has been a final disposition of the suit in which the bond was given. Nor will it make any difference that the order of dissolution has been appealed from and affirmed, if the case has by the appellate court been remanded for further proceedings.   The reason of this is obvious.   So long as the suit remains in court

undetermined, it is always possible, however improbable, that cause may be shown to reinstate and render perpetual the injunction in whole; and the lower court would not be deprived of the power to do this in a proper case, by the affirmance here of the partial dissolution. It follows, therefore, that, until there has been a final determination of the suit in which the injunction bond was executed, no action at law can be maintained upon it. High on Injunctions, § 981; *Gray* v. *Veirs*, 33 Md. 159; *Hanserd* v. *Gray*, 46 Miss. 75.

*Judgment reversed and cause dismissed.*