GOODBAR & CO. v. B. R. DUNN ET AL.

INJUNCTION BOND: Suit on. Under § 1919, Code of 1880.
    Section 1919, of the Code of 1880, does not change the rule announced in
    Penny v. Holberg, 53 Miss. 567, that an action cannot be maintained on an
    injunction bond until final determination of the case.

APPEAL from the Circuit Court of De Soto County.
HON. A. T. ROANE, Judge.
Goodbar & Co. having recovered a judgment against one Fowler in a suit commenced by attachment which had been levied on a tract

of land belonging to Fowler, the land was advertised for sale by the sheriff under a *vendi* issued from the circuit court. B. R. Dunn, as trustee, filed a bill against Goodbar & Co. to enjoin the sale by the sheriff of said land on the ground that he was trustee in a deed of trust executed by Fowler on the land to him to secure a debt evidenced by promissory note made before the levy of said attachment and the rendition of the judgment. The injunction was granted. The bill was answered by Goodbar & Co., denying the equities thereof, and a motion was made before the Chancellor *in vacation* to dissolve the injunction granted in this case, and when the motion was heard the Chancellor dissolved the injunction and there was no appeal from his decree. Thereupon Goodbar & Co. brought a suit in the justice's court on the injunction bond against Dunn and his sureties and recovered judgment, and appeal was taken by Dunn to the circuit court, where the suit was dismissed on the motion of Dunn upon the ground that the suit was prematurely brought, since after the dissolution of the injunction the bill still remained in the court undetermined as to its merits. The error assigned is the dismissal of the suit upon the ground stated.

*White & Morgan,* for the appellants.

It may be conceded that before the Code of 1880 it was not competent to sue on the injunction bond until after a final disposition of the case. *Penny* v. *Holberg,* 53 Miss. 567. But it is claimed by appellant that this has been changed by §§ 1918, 1919, of Code of 1880. It will be observed that § 1918 of Code of 1880 is a copy of § 1051 down to the words, "*costs of suit,*" and it was on this § 1051, Code of 1871, when the case in 53 Miss. was decided. But the concluding sentence of § 1918 is as follows: "And in *all* cases, upon the dissolution on an injunction, the damage may be ascertained by the court or Chancellor, or upon a reference to a master and proof, if necessary, and decree thereof be made and execution be issued thereon." This, we contend, changes completely the rule, and in *the time* when the right to have the damages is "*upon* the dissolution of the injunction." The next section (1919) goes on to give the mode and manner of having the damages assessed by the Chancellor or by the court or on a reference to a master, and

then, in conclusion, to make the matter beyond dispute, says : " But nothing herein contained shall prevent the party entitled from maintaining his action at law on the injunction bond if his damages shall not be assessed as herein provided for." The right to have the damages *at once* upon dissolution, " in all cases," is given by § 1918. New methods of assessing damages are given by § 1919, with express reservation that the action at law is still good and as of the *same time* as the new methods.

*J. B. Morgan* argued the case orally.

*Powell & Buchanan*, for the appellees.

The court is without jurisdiction in this cause because the amount of the judgment rendered by the magistrate does not exceed fifty dollars. See § 2354, Code 1880; see also *Davis* v. *Holberg*, 59 Miss. 362 ; 58 Miss. 234 ; *Wood* v. *Scott*, 57 Miss. 826 ; *N. O. R. R. Co.* v. *Evans*, 49 Miss. 785. The further reason for want of jurisdiction is that the suit on the bond was brought before the final determination of the chancery suit in which the bond was filed and was consequently premature. See High on Injunctions 981 ; *Gray* v. *Viess*, 33 Md. 159 ; *Penny* v. *Holberg*, 53 Miss. 568. It was urged in the court below that § 1919 of Code of 1880 changed the common-law rule. And the following language in said section was relied on as working such change, to wit : " But nothing herein contained shall prevent the party entitled from maintaining his action at law on the injunction bond if his damages shall not be assessed as herein provided for." Clearly, we think no such change was wrought. The statute says the party entitled shall maintain his action, etc. It can only mean the party entitled at common law, and no party could be entitled at common law until the chancery proceeding in which the bond was filed was finally ended. The construction of the statute asked by appellants is highly restrictive of the right of appeal, for under it a defendant in an injunction proceeding, where the injunction was dissolved and appeal taken, might elect to pursue his remedy at law on the injunction bond rather than to file his bill of damages and have the Chancellor adjudicate it; and recovering his judgment at law could have his execution and collect his money, though the supreme

court should decide upon the appeal that the action of the Chancellor in dissolving the injunction was erroneous, and that the complainant's action in suing out the injunction was rightful. A construction thus restrictive of the right of appeal and so evidently unjust in its consequences ought not to be indulged unless unavoidable.

*A. S. Buchanan* also made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

Section 1919 of the Code of 1880 does not change the rule announced in *Penny* v. *Holberg,* 53 Miss. 567, that an action cannot be maintained on an injunction bond until the final determination of the case.

The only purpose and effect of the last clause of the section was to exclude the conclusion that the remedy provided by the section was a denial of the right before recognized to sue on the bond.

*Judgment affirmed.*