### WARREN COUNTY v. ROSWELL V. BOOTH.

1. STATUTORY CONSTRUCTION. *"Or" and "and." Meaning. Mistaken use.*

   "And" never means "or," and "or" never means "and," but each is sometimes mistakenly used for the other; and the courts will adjudge the mistaken use in statutes of either for the other where legislative intent demands it.

2. BOARD OF SUPERVISORS. *Employment of counsel. Code 1892, § 293.*

   The board of supervisors, under code 1892, § 293, giving power in the premises, may employ advisory counsel by the year at an annual salary, and, during the employment of such counsel, may employ other counsel in civil cases in which the county is interested and in the criminal cases mentioned in the code section.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Booth, appellee, was plaintiff in the court below; Warren county, appellant, was defendant there. The facts were these: The board of supervisors, shortly before June, 1900, employed an advisory counsel for a year at an annual salary. During the year the county was sued in four cases, one of which was quite important, and the board employed appellee to represent the county in these cases. The appellee accepted the employment, and defended the suits with ability and success. Thereafter he presented his claim against the county for his fees, which claim was rejected by the board of supervisors on the ground that it was without power, having at the time advisory counsel in its service, to employ appellee. Thereupon appellee sued the county and recovered judgment for the sum demanded, and Warren county appealed to the supreme court.

*McLaurin & Thames*, for appellant.

The board of supervisors of Warren county had an attorney

employed by the year at a salary of $300, the maximum amount it could pay. The board then employed appellee for an additional fee to attend to some cases.

Section 293, code 1892, says that the board may employ counsel by the year at a salary not to exceed $300, or may employ counsel in all civil cases in which the county is interested. It does not say "and" but "or." To affirm this case the court will have to strike out "or" and write "and" after the word "dollars" in the third line of the section. When the statute is not of doubtful meaning the court will construe it as written. It is well settled in this state that the board has no power, except that given by the legislature.

If it be contended that the interest of the county will suffer if our construction is right, we answer: First, that we do not think so, on the contrary, it will be properly protected. Second, The board has only such power as given by the legislature. Third, The law must be construed as written. Fourth, The legislature, not the court, is the place to find the remedy.

*Green & Green* and *R. V. Booth in propria persona*, for appellee.

The question is, whether the county has power, under § 293, code 1892, to employ an attorney to defend against a suit, exceptional in its character, when it had, before the suit arose, employed an attorney by the year at $300.

If such power does not exist, the county might be irreparably injured. To illustrate, the county might be willing to employ one attorney for advice and assistance in the regular order of business, but where great interests are involved, neither of the parties to the annual employment would be expected to cover that service with the $300 salary.

The county might be sued for damages for personal injuries sustained by the negligence of its servants in erecting a court house, for thousands of dollars; or it might, as a stockholder in a railroad, have occasion to bring suit to protect its interests.

In such cases would it be a reasonable construction to restrict a county's power to employ additional or other counsel, or to make an additional contract for extraordinary services with its salaried attorney?

If so, then in many instances the county would be seriously embarrassed and injured.

The rule is that the county has power to employ counsel, and additional counsel, without the aid of the statute, unless forbidden, and that such power will be implied. 7 Am. & Eng. Ency. Law (2d ed.), 929; 1 Beach Pub. Corp., sec. 643 and note; secs. 171 and 780. *Jack* v. *Moore*, 66 Ala., 184; *Railway* v. *County*, 103 Wis., 75.

Interpreting § 293 in the light of the inherent power of the county to employ counsel, it would seem that its purpose was confirmatory; and to expressly authorize the employment of counsel by the year, at a limited salary, $300, and to employ counsel "in all civil cases in which the county is interested, and in criminal cases," etc.

Under codes 1871 and 1880, the power was conferred to employ counsel in suits brought or about to be brought; *Marion County* v. *Taylor*, 55 Miss., 184, and it was there held that a contract to pay an attorney for the performance of the duties of the board itself imposed no liability.

Section 293 of the code of 1892 was enacted to change this rule, and to enable the county to have the advice and assistance of counsel in the discharge of its duties, as well as to represent it in lawsuits.

Hence, speaking with reference to this decision as a part of the precedent statute, the amendment declared that the board had power to employ counsel by the year, or in lawsuits, civil and criminal. It is clear that the power to employ in lawsuits does not include advice in the discharge of duties, and if the statute is read as giving only power in the alternative, either to employ for advice or in suit, it would produce the very incongruity the amendment was designed to remedy.

As to the power of the board to employ attorneys to bring suit, and, even to ratify an unauthorized employment prior to 1892, see *Lewenthal* v. *State*, 51 Miss., 645; *Land* v. *Allen*, 65 Miss., 455; "or" is read "and" or *vice versa* to effectuate the legislative intent. 2 Am. & Eng. Ency. Law (2d ed.), 333, 4, 5, 6 and notes, *State* v. *Brandt*, 41 Iowa, 593, 615; *Hughes* v. *Smith*, 64 N. C., 595.

WHITFIELD, C. J., delivered the opinion of the court.

The code of 1857 provided (p. 420, art. 35): "The boards of police shall have power, at their discretion, to employ counsel in all civil cases in which the county is interested, to conduct]the proceedings, instead of the district attorney, and to pay such counsel out of the county treasury, and such proceedings shall be as valid as if conducted by the district attorney." This did not provide for employment of general advisory counsel, but only for employment in civil suits. Section 1385 of the code of 1871 is substantially the same. In this state of the law, in January, 1871, the board of supervisors of Marion county employed Bentonville Taylor to act as advisory counsel in certain matters, not requiring any civil suits. Taylor sued for compensation, and lost, because the law, as it then stood, did not permit employment of counsel except in civil suits. Here was a serious defect in the law, and to remedy it the legislature on February 7, 1872, passed an act (Laws 1872, p. 62) authorizing boards of supervisors to employ "an advising attorney, at a stated salary per annum, not to exceed the sum of $300, payable out of the county treasury, for objects of general advice as to current matters in the administration of the affairs of their respective counties." This act was expressly repealed January 14, 1876 (Laws 1876, p. 109), by an act which provided: "That an act entitled an act to enable the boards of supervisors to employ counsel at a stated salary, approved February 7, 1872, be, and the same is hereby repealed." The code of 1880 (§ 2176), a new codification, merely recurred

to and re-enacted the above provision of the code of 1857 (p. 420, art. 35); that section being as follows: " § 2176. The board of supervisors shall have power, in its discretion, to employ counsel in all civil cases, in which the county is interested, to conduct the proceedings, instead of the district attorney, and to pay such counsel out of the county treasury; and such proceedings shall be as valid as if conducted by the district attorney." The code of 1892—still another codification of the subject-matter (§ 293)—restores the status of the law as it was after the passage of the above act of February, 1872. It provides: " § 293. The board of supervisors shall have power, in its discretion, to employ counsel by the year, at an annual salary not to exceed $300, or to employ counsel in all civil cases in which the county is interested, and in criminal cases against a county officer for malfeasance or dereliction of duty in office, when, by the criminal conduct of the officer, the county may be liable to be affected pecuniarily, to conduct the proceedings, instead of the district attorney, or in conjunction with him, and to pay such counsel, out of the county treasury, reasonable compensation for his services."

What, now, in the light of the history of these provisions, is the intent of the legislature on this subject-matter? The first clause of § 293 is not literally identical with sec. 1 of the act of February, 1872, but we think it is substantially so, and was meant to bring forward and re-enact that section. Both provide for the employment of counsel generally by the year, at a stated salary of $300, and we think these material likenesses show that the first clause of § 293 of code of 1892 is meant to be a re-enactment of sec. 1 of the act of February, 1872. Recurring now to the act of February, 1872, it is plain that there were then, after the passage of that act, two separate laws—one the act of February, 1872, authorizing · the employment by the year, at a salary of $300, of general advisory counsel in current matters in the administration of the affairs. of the counties; and another (§ 1385, code 1871) authorizing

the employment of counsel in civil cases; and it is clear that at that time, after February 7, 1872, and before January 14, 1876, any board of supervisors could have, by one order, employed such general advisory counsel, and also counsel in civil cases. The purpose of the legislature in the passage of the act of February 7, 1872, was manifestly to add to the power to employ counsel in special cases the power to employ general advisory counsel, in the discretion of the board.    From February 7, 1872, to January 14, 1876, the boards had power to employ counsel for both purposes.    From January 14, 1876, to the adoption of § 293 of the code of 1892, there was no power to employ advisory counsel. That section was manifestly intended to restore the law to the condition it was in when both powers existed, and this was accomplished by bringing forward and combining in § 293 of the code of 1892 the said sec. 1 of the act of February 7, 1872, and art.    35, p. 420, of the code of 1857.    The obvious intent of the legislature was not to leave the counties in the helpless condition of not being able to employ in special civil or criminal cases where very large county interests might be involved, requiring the ablest counsel, by reason of the previous employment of merely advisory counsel.    Suppose, for example, the statute should be construed to mean that the board of supervisors may employ one or the other kind of counsel, but not both, then it inevitably follows that, if a board employs general advisory counsel, it never could during that year employ counsel in any civil or criminal case, no matter how vast the interests involved, and no matter how great the damage entailed upon the county by such inability to employ counsel in the civil or criminal case.    No such result was ever intended by the legislature, and no such construction can possibly be reconciled with reason.    The entire difficulty grows out of the use of the word "or" instead of "and."    But it is well settled that, whenever it is clear that either of these words has been mistakenly used for the other, the one intended will be substituted for the one mistakenly

used, so as to carry out the legislative intent.    2 Am. & Eng.
Ency. Law (2d ed.), pp. 333–336.    And see, for two strik-
ingly similar cases, *State* v. *Brandt*, 41 Ia., 651, and
*Hughes* v. *Smith*, 64 N. C., 495; the first involving a mistake
occurring in a new codification, as here.    It is not that " or "
is read " and," for, as correctly pointed out by Jessel, Master
of the Rolls, in *Morgan* v. *Thomas*, 51 Law J. Q. B., 557,
" or " never means, and is never read, " and," but " or " used
by mistake for " and " is substituted by " and," the legislative
intent imperatively so requiring.    We are therefore of opinion
that boards of supervisors have power, under §293, code 1892,
to employ, in their sound discretion, both advisory counsel by
the year, at a sum not exceeding $300, and counsel in civil and
criminal cases.

*Affirmed.*