## ELIZABETH DERDEYN *v.* JOHN W. DONOVAN.

1. CHANCERY PRACTICE. *Supreme court. Chancellor's findings of facts. Conclusiveness.*

   The supreme court, where the testimony is conflicting, must accept the findings of the facts by the chancellor, if they be not clearly wrong.

2. SAME. *Injunction. Dissolution. Damages on bond.*

   It is proper, upon the dissolution of an injunction, to at once award damages on the injunction bond, if the suit be for no other relief than the injunction itself.

FROM the chancery court of Warren county.

HON. W. P. S. VENTRESS, Chancellor.

Mrs. Derdeyn, appellant, was complainant in the court below; Donovan, appellee, was defendant there. From a decree dissolving an injunction and awarding damages on complainant's injunction bond, she appealed to the supreme court.

The bill of complaint charged that appellee, Donovan, had recovered a judgment against R. Derdeyn, complainant's husband, and others in the circuit court of Warren county, which has not been paid; that Donovan had caused an execution to be issued, which had been levied on certain lots in Vicksburg, as the property of R. Derdeyn; that long before said judgment was obtained, R. Derdeyn conveyed the lots to complainant, in good faith and without intent to defraud, for a valuable consideration, and that said lots are now used and occupied by complainant and her husband and family as a homestead, and that the lots are not worth over the exemption allowed by law; that the sheriff had advertised the lots for sale under said execution, and would sell them, unless restrained by the court, and thus

deprive complainant and her family of a homestead; and that, if so sold, the sale would cast a cloud upon complainant's title. The prayer was for a writ of injunction restraining the sheriff from selling said property. On this bill an injunction was granted. Defendant, Donovan, answered the bill, admitted the judgment, levy, and advertisement for sale; admitted that R. Derdeyn conveyed the land to complainant, Elizabeth Derdeyn, but denied that it was made without intention to deceive, defraud, hinder, or delay creditors, as alleged in the bill; denied that it was for valuable consideration; and denied that it was conveyed to complainant as a homestead, or has ever been occupied by her and her family as a homestead, or that the sale will cast any cloud on complainant's title. The answer avers that defendant filed a suit in the circuit court of Warren county against R. Derdeyn, the husband of complainant, and others, and while said suit was pending R. Derdeyn conveyed the lots to complainant; that the consideration recited in said deed was feigned, and that said deed was made in order to defeat defendant in the collection of his debt. Defendant made a motion to dissolve the injunction, which was heard on bill, answer, and proof adduced by both parties in support of their contentions.

*S. S. Hudson*, for appellant.

*Henry & Scudder*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

This case presents a question of fact on conflicting testimony. The rule in such cases is that this court must accept the finding of the chancellor, unless it is clearly and manifestly wrong. We are not able to say that the finding of fact by the chancellor is manifestly wrong, and the decree is

*Affirmed.*

### ON SUGGESTION OF ERROR.

*Frank Johnston*, for appellant, filed a lengthy suggestion of error, reviewing the evidence and making the following points:

It was error for the chancellor to award damages on the injunction bond in the interlocutory decree dissolving the injunction. This doctrine of equity practice was expressly announced in the case of *Adams* v. *Ball* (Miss.), 5 So. Rep., 109. In that case there was an injunction restraining a suit at law, and a mandatory injunction or order commanding the delivery up of certain personal property. This was set aside and abrogated, and in the interlocutory decree damages on the injunction bond were awarded by the chancellor. The *per curiam* opinion in that case reversed that decree "because the whole matter should stand over for the final decree." In that opinion the court cited *Penny* v. *Holberg*, 53 Miss., 567.

This is the universal rule or practice or doctrine on the subject. High on Injunctions, sec. 1649; *Gray* v. *Veirs*, 33 Md., 159. *Penny* v. *Holberg* and *Gray* v. *Veirs* are both cited by High in his work on Injunctions in support of this rule.

If no action can be had on an injunction bond until after the final disposition of the equity cause in which the writ was issued and the bond taken, it follows that the equity court could not give a decree for damages on the bond until the final determination of the cause.

WHITFIELD, C. J., delivered the opinion of the court on the suggestion of error.

The cases cited in support of the suggestion of error all fall properly within *Adams* v. *Ball* (Miss.), 5 So. Rep., 109; *Gray* v. *Veirs*, 33 Md., 159; and they are cases in which the bill was filed on independent grounds of equitable cognizance, and not merely and solely for an injunction, and in which, consequently, the dissolution of the injunction did not dispose of the case, but left the case to be tried on its merits on final hearing on the said independent grounds. The principal is clearly put in the

case of *Gray* v. *Veirs*, as follows: ''This is a suit upon an injunction bond, and the plaintiff, in his declaration, avers that the order below dissolving the injunction was affirmed by this court upon appeal, and the cause remanded to the circuit court of Montgomery county for further proceedings. No case was cited in support of the argument, nor have we been able to find one in which a suit has been maintained upon an injunction bond until after the final termination of the cause. If the injunction was dissolved upon bill and answer, and the cause remanded, the complainant has a right to proceed with his case, because he may overcome the denials in the answer by proof, and the court may be of opinion upon final hearing that the injunction ought to be reinstated and made perpetual. Now, if the position of the appellant be correct, he would be entitled to recover damages and costs for a breach upon the injunction bond pending the equity case, although it may appear by the proof and subsequent proceeding that the complainant was entitled to the relief prayed. Such cannot be the law.'' The distinction is between those cases in which the bill is filed solely for an injunction, and in which, of course, the dissolution of the injunction carries with it the dismissal of the bill, and those very different cases in which an injunction is asked for as a mere auxiliary or aid in effectuating the principal relief, resting upon distinct equitable grounds. In this last class of cases the bill is, of course, retained until final hearing; and it is the better practice, as a rule, not to dissolve such an injunction until final hearing, for the obvious reason that if it were dissolved and the damages allowed, proof subsequently taken might make it proper to reinstate the injunction and require the damages refunded. In this case the dissolution of the injunction ended the whole matter. The equities of the bill, as to the conveyance being a valid conveyance, are all sworn away by the answer, and the rule in such case is stated thus in vol. 10, Ency. Pl. & Pr., 1048: ''As a general rule, upon the coming in of an answer denying the equities of a bill, the defendant is

entitled to have the injunction dissolved." The bill here was
for injunction only. When the injunction was dissolved, the
court dismissed the bill, the case was at an end, and it was en-
tirely proper to allow the damages. The only question litiga-
ted, or left to be litigated—the equities of the bill being sworn
away by the answer—was whether the property was a home-
stead, and what its value was.

We have given this suggestion of error the most careful
consideration, and are entirely unable to see any reason for
disturbing our former judgment.

*Overruled.*