SOUTHERN RAILWAY COMPANY IN MISSISSIPPI v. JOHN T. GRACE.

[49 South. 835.]

1. MASTER AND SERVANT. *Railroads. Personal injuries. Law governing.*

In a suit for personal injuries sustained by a servant while in the master's service, the substantive law of the place where the injuries were inflicted is the law of the case.

2. SAME. *Same. Laws of Alabama. Pleadings. Defects. Waiver.*

Where a railroad employe was injured while serving the company in Alabama because of defects in the tender to a locomotive, and sues therefor in this state, his declaration is subject to a general demurrer if it fail to show the defendant's liability under the laws of that state, and its want of sufficiency may be raised at any time and is never waived.

FROM the circuit court of Lowndes county.

HON. JOHN L. BUCKLEY, Judge.

Grace, appellee, was plaintiff in the court below; the railway company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*Catchings & Catchings* and *Z. T. Landrum,* for appellant.

The sufficiency of the declaration must be determined by the Alabama statute, inasmuch as plaintiff's injury was received in Alabama.

The very question now before this court was before the supreme court of Alabama in the case of *Seaboard Mfg. Co. v. Woodson,* 10 South. 87.

What was said by the supreme court in that case in construing the statute would seem to be conclusive against the sufficiency of the declaration. The proof required to support the allegations of the declaration does not necessarily involve any showing that the alleged defect arose from or had not been discov-

ered or remedied owing to the negligence of the defendant or of some person in its service and entrusted by it with the duty of seeing that the engine was in proper condition.

In the case of *United States Rolling Stock Co. v. Weir*, 11 South. 438, the foregoing case was referred to with approval.

In the case of *Walton v. Lindsey, etc., Co.*, 39 South. 671, in condemning a certain count of the declaration in that case, the supreme court said: "Furthermore there is no averment or anything equivalent to an averment that a defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the service of the defendant and entrusted by it with the duty of seeing that the ways and works and machinery were in proper order or condition."

The correct manner of pleading the statute is illustrated in *Birmingham Rolling Mill Co. v. Rockhold*, 42 South. 96, and in *West Pratt. Coal Co. v. Andrews*, 43 South. 350, it will be seen that the declaration in each of those cases, after averring that the injury resulted from defect in the condition of the ways, works, machinery, etc., concluded by alleging that the defect "had not been discovered or remedied owing to the negligence of defendant or of some person in the employ of defendant intrusted by defendant with the duty of seeing that said ways, works, machinery or plant were in proper condition." Not only is the declaration defective by not making averments required by the statute, but there was no effort made by the proof to bring the case within the Alabama statute. Of course, however, the plaintiff was restricted to such a case as was made by his declaration, and this case being wholly defective he was not entitled to recover. The court therefore erred in granting the instruction requested by the appellee and erred in refusing the eighth instruction asked for appellant, by which the court was asked to peremptorily instruct the jury to find for the appellant.

*James T. Harrison,* for appellee.

Appellant claimed that appellee's pleadings and proof do not conform to "section No. 3910, of the Alabama statute"—the

injury having occurred in that state. Our reply is that, the code in which that section occurs was not adopted until May 1, 1908, and the injury occurred February 22, 1908. The said section is not similar to the section of the previous code, 1896, which was in force when this injury occurred, hence controlling. And the decisions cited by defendant all go further back still— to the code that preceded that, that of 1886. Everything including and after the word "providing" is new, but the most important thing is an omission, to wit: the Code of 1896, contained the following words: "he was aware that," and they come just after the word "unless," being the sixth word of the sixth line of the section 3910, as quoted in this brief and made the law to be to wit: "The master or employer, is not liable under this section if the servant or employe knew of the defect or negligence causing the injury and failed in reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service or employment of the master or employer, *unless* he was aware that the master or employer or such superior already knew of such defect or negligence; nor is the master or employer liable under subdivision 1, unless the defect therein mentioned arose or had not been discovered or remedied owing to the negligence of the master or employer or some person in the service of the master or employer and entrusted by him with the duty to see that the ways, works, machinery and plant were in proper condition." Code of Alabama, 1896, § 1749.

We here see a "distinction with a difference" and a material one at that.

Let us see what the law says in reference to these "motions to exclude testimony," the technical name being " peremptory instructions."

The supreme court of Mississippi has given this class of instructions a quietus, in *Bell v. Southern, etc., R. Co.,* 87 Miss. 234, 30 South. 821.

The supreme court of Alabama has in numerous instances

done likewise. *Chambliss v. Mary Lee Coal & R. Co.*, 104 Ala. 655; *Louisville, etc., R. Co. v. York,* 30 South. 676.

We submit three propositions and prove each, both by the law of Mississippi and Alabama, either of which will destroy his contention.

First, appellant has waived its right to attack the declaration; second, it has mistaken its remedy; third, it has mistaken its time, both in this and the trial court.

"Joinder of issue, upon an issue of fact waives exception to the sufficiency of the pleading." *Southern, etc., Co. v. Hunnicutt,* 54 Miss. 578.

"Undisposed of pleadings waived by trial on merits under general issue" (as in this case). *Georgia, etc., Co. v. Jones,* 49 Miss. 81.

"Whatever might be the proper judgment upon a demurrer to a declaration for want of technical form, it is manifest that after plea, issue in bar and demurrer to evidence (which is the nature and intent of this motion) it is too late to raise the exceptions." (Plea of general issue was interposed in this case and trial had thereon). *Jordan v. Foxworth,* 48 Miss. 607. Let us now turn our attention to the state of Alabama and see what its supreme court has made deliverence of on said subject.

"Though in actions to recover for personal injuries contributory negligence should be pleaded specially, yet where the parties proceed to a trial of such action on the issue of contributory negligence without such pleading it will be deemed to have been waived." In this case the claim is that the word "negligence" was omitted in the declaration, but the "defective machinery," etc., was fully set out and trial had on that issue, and a jury so found. *Richmond, etc., R. Co. v. Farmer,* 97 Ala. 141; *Kansas City, etc., R. Co. v. Burton,* 97 Ala. 240; *Andrews v. Birmingham, etc., R. Co.,* 99 Ala. 438.

Where issue is joined without objection on insufficient pleas if the defendant proves either of them he is entitled to judgment in his favor. *Jones v. Collins,* 80 Ala. 108.

"Where issue is joined on a plea (the general issue in this case) the defendant has a right to trial thereon without reference to its sufficiency.   14 South. 331.

Where issue is taken upon insufficient pleas, evidence must be taken on it and submitted to the jury."   *McKinnon v. Lessly,* 89 Ala. 625.

SMITH, J., delivered the opinion of the court.

Appellee recovered a judgment in the court below against appellant for damages alleged to have been sustained by him by reason of a personal injury caused by defects in the tender or tank attached to appellant's engine, of which appellee was fireman.   As the injury complained of occurred in Alabama, appellant's liability therefor must be determined by the laws of that state.   That portion of section 1749 of the Code of Alabama of 1896, bearing on this controversy, is as follows: "When a personal injury is received by a servant or employee in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employee, as if he were a stranger, and not engaged in such service or employment, in the cases following: (1) When the injury is caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with, or used in the business of the master or employer.   .   .   .   But the master or employer is not liable under this section,   .   .   .   nor is the master or employer liable under subdivision 1, unless the defect therein mentioned arose from, or had not been discovered or remedied owing to, the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery or plant were in proper condition."

The declaration alleged that appellee's injury was caused "by reason of the defective and unsafe character and condition of machinery, ways, and appliances of said engine and tender thereto attached, to wit, defective drawbar and defective buffer

casting, defective spring in the buffer casting, said defective equipment, appliances, and machinery causing entirely too much slack between said engine and tender or tank, . . . and said tender not being made for said engine, hence not properly constructed therefor, and thereby making it dangerous for plaintiff to do his work." It did not allege that "the defect therein mentioned arose from, or had not been discovered or remedied owing to, the negligence of the master or employer, or of some person in the service of the master or employer, or of some person in the service of the master or employer and intrusted by him with the duty of seeing that the ways, works, machinery, or plant were in proper condition." At the close of the evidence appellant requested the following instruction, which was refused by the court: "The court charges the jury for the defendant that the declaration in this case does not charge any negligence against the defendant, and they should find for the defendant." The refusal of this instruction was fatal error. *Seaboard Mfg. Co. v. Woodson,* 94 Ala. 143, 10 South. 87; *United States Rolling Stock Co. v. Weir,* 96 Ala. 396, 11 South. 438; *Walton v. Lindsey Lbr. Co.,* 145 Ala. 661, 39 South. 671; *Birmingham Rolling Stock Co. v. Rockhold* (Ala.) 42 South. 96; *West Pratt Coal Co. v. Andrews,* 150 Ala. 368, 43 South. 350.

It is argued on behalf of appellee that this defect in the declaration was waived by a failure to demur thereto. Where a declaration fails to state a cause of action, as in the case at bar, the defect may be reached by a general demurrer, the ground of which is never waived. It can be raised at any time and in any place. On another trial this defect in the declaration may be cured by a proper amendment.

*Reversed and remanded.*