## VICKSBURG WATER WORKS CO. ET AL. *v.* MAYOR AND ALDERMEN OF CITY OF VICKSBURG.

[54 South. 852.]

1. MUNICIPAL CORPORATIONS. *Special counsel. Injunction. Damages.*

   A city or county may make a valid contract to employ associate counsel to assist its regularly retained counsel in any case where in the wisdom of the authorities it deems it necessary.

2. INJUNCTION. *Damages. Special counsel.*

   Where a city employs additional counsel to dissolve an injunction against it, the injunction bond given to obtain such injunction can be made to respond in damages to any reasonable amount necessary to compensate the additional counsel so employed.

3. ACTION AT LAW UPON INJUNCTION BOND. *When brought.*

   Until there has been a final determination of the suit in which the injunction bond was executed, no action at law can be maintained thereon, and this is true although the only relief sought by the bill of complaint was an injunction and the court had denied that relief, and dissolved the injunction after full proof, but did not dismiss the bill.

APPEAL from the circuit court of Warren county.

HON. C. S. THOMAS, Special Judge.

Suit by mayor and board of aldermen of the city of Vicksburg against the Vicksburg Water Works Com-

pany et al.   From a judgment for plaintiff defendants appeal.

The facts are fully stated in the opinion of the court.

*John C. Bryson* and *Hirsh, Dent & Landau,* for appellant.

The legal questions raised by the assignment of error are reducible to four:

1st.   Is the plaintiff's suit (having been brought before a final decree in the chancery cause in which the injunction bond was given) premature?

2d.   Is the defendant, having regularly retained counsel paid by the month, entitled to compensation for additional counsel employed in the injunction suit?

3d.   If it should be held that the plaintiff is entitled to compensation for the special counsel employed to assist the regular counsel in the injunction matter, can it recover by way of damages a reasonable fee for the whole service rendered regardless of that done by regular counsel or must the plaintiff make a reduction to cover the services of the regular attorney whose entire service is covered by his fixed salary?

4th.   Has the plaintiff proven any damages on account of liability for attorney's fees?

We shall present these four questions in their order.

1.   Was the plaintiff's suit premature?  No final decree had been rendered in the chancery suit.   In fact no decree of any kind had been rendered in it, except the decree on the motion to dissolve the injunction?   By that decree the injunction was dissolved but complainant's suit was not dismissed, nor were damages assessed as might have been done under the statute, the decree providing merely in reference to damages: ''That the claim for damages on account of the wrongful suing out of the said injunction interposed by the defendants hereto, be and it is hereby passed for hearing at a future time.''

Such was the status of the chancery suit when this suit on the injunction bond was brought. We contend that no right of action on the injunction bond had accrued.

In *Penny* v. *Holburg,* 53 Miss. 567, Judge Chalmers said: "It was an action upon an injunction bond given to restrain a sale of certain lands under an execution at law. Upon final hearing, the chancellor dissolved the injunction as to a portion of the lands, and retained the cause for further investigation and consideration as to the balance. He granted an appeal from this decree to the supreme court where the order was affirmed and the cause remanded for further proceedings touching the lands as to which no decree had been rendered. Thereupon, without waiting for the action of the chancery court. The court further said: "So long as the suit remains in court undetermined, it is always possible, however improbable, that cause may be shown to reinstate and render perpetual the injunction in whole; and the lower court would not be deprived of the power to do this in a proper case, by the affirmance here of the partial dissolution. It follows, therefore, that until there has been a final determination of the suit in which the injunction bond was executed, no action at law can be maintained. . . ." High on Injunctions, par. 981; *Gray* v. *Veirs* (Md.), 159; *Goodbar & Co.* v. *Dunn et al.,* 61 Miss. 624; *Railroad Co.* v. *Adams, St. Rev. Agent,* 78 Miss. 977; *Cohn* v. *Lehman,* 93 Mo. 547.

In discussing the right to sue upon an injunction bond, 22 Cyc., 1045 says: "The plaintiff should allege a final determination of the injunction suit."

Under this text a great many authorities are cited: 10 Ency. of Pleading and Practice, p. 1121; Decennial Digest, vol. 10, p. 2032; 98 N. W. 366; *Lacey* v. *Davis,* 102 N. W. 535, 126 Iowa 675; *Brown* v. *Galena Mining & Smelting Co.,* 4 Pac. 1013, 32 Kan. 528; *Johnson* v. *Bouston,* 77 N. W. 57, 56 Neb. 626.

2. This brings us to the second point raised by the assignment of errors, namely: Is the defendant, having regularly employed counsel, entitled to damages by way of counsel fees?

In *Nixon* v. *Biloxi,* 76 Miss. 810, this court held: That the city of Biloxi having regularly retained counsel, paid a fixed salary, was not entitled to damages by way of attorney's fees on the dissolution of an injunction where all the services rendered in procuring the dissolution had been by such counsel. *Wilson* v. *Wilber,* 3 Ill. App. 125, affirmed in 96 Ill. 454.

3. If the court should agree with us, however, as to the full extent of our contentions above certainly the services of the regular counsel should reduce the fee *pro tanto* to the extent of the services rendered by him in procuring the dissolution of the injunction. The evidence shows that the one thousand dollars award was a reasonable fee for the whole service by the city attorney and his two associates, and it further shows that the city attorney, Judge Anderson, rendered a large part of the aggregate service.

*Catchings & Catchings, Anderson, Voller & Foster,* and *Brunini & Hirsch,* for appellee.

With all due respect to counsel we submit that the authorities cited by them to the effect that a suit on an injunction bond cannot be brought until a final decree has been rendered in the chancery proceeding, have no application to the case at bar.

It appears from the record of the injunction proceeding, which is a part of the record in this cause, that the suit was brought for an injunction only, and that no other equitable relief was asked for. As shown by the record, the city of Vicksburg had caused to be constructed an elaborate sewerage system, which was practically complete and was being flushed or tested with water from the mains of the Vicksburg Water Works Company,

when that company procured the issuance of an injunction prohibiting the use of its water for that purpose.

The injunction was dissolved; the testing or flushing was proceeded with, and had, in fact, been finished at the time of the trial of this cause in the court below. Nothing, therefore, remained to be done in the injunction suit except the rendition of a formal final decree dismissing the bill.

The case of *Derdeyn* v. *Donovan,* 81 Miss. 696, is squarely in point. In that case, as in the case at bar, suit was brought upon an injunction bond before the rendition of a decree final in form in the chancery proceeding. Judge Whitfield delivered the opinion of the court and drew the very distinction which we have adverted to above, between cases in which the injunction was the only relief sought, and those in which it was merely ancillary to other grounds of equitable cognizance. He said:

"The distinction as between those cases in which the bill is filed solely for an injunction and in which, of course, the dissolution of the injunction carries with it the dismissal of the bill, and those very different cases in which an injunction is asked for as a mere auxiliary or aid in effectuating the principal relief resting upon distinct equitable grounds. In this class of cases the bill is, of course, retained until final hearing, and it is the better practice, as a rule, not to dissolve such an injunction until final hearing, for the obvious reason that if it were dissolved and the damages allowed, proof subsequently taken might make it proper to reinstate the injunction and require the damages refunded. In this case the dissolution of the injunction ended the whole matter. The equities of the bill as to the conveyance being a valid conveyance are all sworn away by the answer, and the rule in such cases is stated thus in vol. 10, Ency. Pl. and Pr., 1048: 'As a general rule, upon the coming in of an answer denying the equities of a bill, the defend-

ant is entitled to have the injunction dissolved.' The bill here was for injunction only.. When the injunction was dissolved the court dismissed the bill, the case was at an end, and it was entirely proper to allow the damages. The only question litigated or left to be litigated— the equities of the bill being sworn away by the answer— was whether the property was a homestead and what its valuation was.''

With all due deference to counsel for appellants we submit that the authorities cited by them in support of the second subdivision of their argument are wholly without application to the facts of the case at bar. So far as we know, there is no authority in the books which holds that one having regularly retained counsel cannot recover by way of damages such reasonable attorney's fee as he may have contracted to pay additional counsel who were employed to procure the dissolution of an injunction. Certainly the authorities cited by counsel bear no such construction.

The right of the city of Vicksburg to employ counsel other than the regularly retained city attorney, and to contract for the payment of their fees, is not, as we understand appellants' brief, denied. That the city has such right is amply sustained by all of the authorities.

This court has held, in the case of *Warren County* v. *Booth,* 81 Miss. 267, that boards of supervisors who have regularly retained attorneys, may, nevertheless, employ other counsel to represent them in particular cases, and may legally obligate themselves to pay their fees. The reasoning of the court is equally applicable to municipal authorities.

We entirely agree with counsel that appellee was not entitled to recover by way of damages anything on account of the services rendered to it by its regularly retained city attorney, and no such contention was advanced in the court below. Counsel's argument, however, seems to proceed upon the theory that lawyers

must be paid upon a per capita basis, and that because appellee had a regularly retained city attorney the amount agreed by it to be paid its other attorneys should be reduced *pro tanto.* The position assumed by appellee in the lower court, was simply that as it had agreed to pay a reasonable attorney's fee to Messrs. Brunini and Catchings and was legally liable so to do, it was entitled to recover by way of damages such sum as the jury should fix as a reasonable fee in the premises.

MAYES, C. J., delivered the opinion of the court:

On the 15th day of December, 1909, the Vicksburg Waterworks Company applied for and obtained an injunction against the city of Vicksburg, enjoining the city from opening the fire hydrants located in the city and belonging to the waterworks company, and from taking therefrom water for the purpose of cleaning and flushing the new sanitary sewers then being installed in the city. At the time the injunction was issued the waterworks company executed an injunction bond in the sum of one thousand dollars, with the Empire State Security Company as security thereon; the condition of same being: "In case the said injunction shall be dissolved, shall within thirty days thereafter well and truly pay and satisfy all such costs and damages as shall wrongfully result from suing out this injunction, and shall abide by and perform the decree of said chancery court, then this obligation shall be void; otherwise the same shall remain in full force and virtue." In due time an answer was filed on the 31st day of December, 1909, a motion was made to dissolve the injunction, and accompanying the motion notice was filed that three thousand and five hundred dollars damages would be claimed for the wrongful suing out of the injunction. On the 21st day of March, 1910, the motion to dissolve the injunction was heard, and the court decreed that the injunction stand dissolved, and made this further order, viz.: "It is

further ordered that the claim for damages on account
of the wrongful suing out of the said injunction, inter-
posed by the defendants hereto, be and it is hereby passed
for hearing at a future time.'' On the 25th day of March
the matter of the allowance of damage seems to have
been taken up again by the court, and on that day the
waterworks company, by way of answer to the applica-
tion for the allowance of damage for the wrongful suing
out of the injunction, stated in a written pleading, filed
and sworn to by counsel for the waterworks company,
substantially that the only authority of the court to allow
damage is to be found in section 624 of the Code of
1906, and that under that section of the Code the damage
must be allowed, if at all, on the motion to dissolve,
and not afterwards; that, if damage is not awarded at
the time the injunction is dissolved, it cannot afterwards
be done, except at the final hearing of the cause. Other
reasons were given in the answer as to why the court
should not take up the question of damage at that time,
even though the reasons already assigned were not suffi-
cient; but the latter reasons are predicated on certain
facts stated and not necessary to be here repeated.
On the same day—that is, on March 25th—by con-
sent of the parties it was ordered that the application
for the fixation of damage by the court should be con-
tinued until April 15, 1910. In April there seems to
have been a decree made by the chancellor, though the
decree is unsigned, dismissing the application for dam-
ages, ''without prejudice to the rights of said defendants
to sue for such damage as they have sustained, because
of the wrongful suing out of the said injunction, at law
upon the injunction bond.''

It appears from the proceedings set out above that,
although the injunction had been dissolved, the bill had
not been dismissed, nor had the court undertaken to
allow damages on the bond at the time the decree dis-
solving the injunction was made, as was done in the

case of *Derdeyn* v. *Donovan,* 81 Miss. 696, 33 South. 652.
In this condition of the chancery suit, with the bill still
pending and not finally dismissed, and on the 26th day
of March, 1910, the city of Vicksburg, through its proper
officers, instituted a suit in the circuit court of Warren
county on the bond executed by the waterworks com-
pany, with the Empire State Surety Company as security
thereon, seeking to recover the sum of three thousand
and five hundred dollars as damage for the wrongful
suing out of the injunction. The declaration substan-
tially alleges that on a certain day the Vicksburg Water-
works Company wrongfully procured an injunction re-
straining the city of Vicksburg from using water from
the hydrants of the waterworks company for the purpose
of testing a certain sewerage system then being in-
stalled; that the injunction so wrongfully issued was dis-
solved by the chancery court on the 21st day of March,
1910; that at the time the injunction was procured the
waterworks company gave a bond payable to the city of
Vicksburg, conditioned for the payment of all damages
occurring by the wrongful suing out of the injunction.
The declaration avers the dissolution of the injunction
by the chancery court and the accrual of the right there-
by to sue on the bond. The bond is made an exhibit to
the bill. The declaration nowhere alleges a final disposi-
tion of the injunction suit, or dismissal of the bill, nor
is any such disposition shown in any of the exhibits or
pleadings in the case. When the declaration was filed,
appellants filed a demurrer, setting up substantially that
the declaration did not allege that the decree dissolving
the injunction was a final decree, or that the injunction
suit had been finally disposed of. The demurrer was
overruled by the court, and at a subsequent date during
the same term of court the appellants filed several pleas
to the declaration. We shall not set out all the pleas,
but give the substance of all. The first plea denied the
dissolution of the injunction; the second plea denied that

the plea of dissolution was a final decree, and alleged that the injunction suit was still pending in the chancery court; the third and fourth pleas put in issue the question of the alleged damage; the fifth plea denies the right of the city to claim any counsel fees as ·damages, because of the fact that the city had regularly retained salaried counsel. Proof was taken on the issue thus raised, and the cause tried, resulting in a verdict in favor of the city of Vicksburg for the sum of one thousand dollars, and from this judgment an appeal is prosecuted.

The appellants asked for and were refused a request for a peremptory instruction. The errors assigned in this court are, first, that the court erred in overruling the demurrer; second, that the court erred in holding that the suit on the injunction bond could be maintained before final decree dissolving the injunction; and third, that the court erred in refusing a peremptory instruction for defendant. There are other errors assigned, but the whole of this case is comprehended under the above assignments of error.

The first contention of counsel for appellants that we will notice is the contention that, because the city had regularly employed counsel on a salary, it could not employ any additional counsel to assist in this cause, so as to make the bond liable for such ·counsel fees. In support of this contention the case of *Nixon* v. *Biloxi,* 76 Miss. 810, 25 South. 664, is cited, as also other authorities which we shall advert to later. A city has the same power to protect its civil rights that an individual has. A city may make a valid contract to employ associate counsel to assist its regularly retained counsel, in any case where in the wisdom of its authorities it deems it necessary. Individuals do this, and we can see no reason why a city may not do the same thing. In cases of sufficient gravity different firms of lawyers are employed in the same case and to represent the same cause;

in cases of serious illness, consulting physicians are called to the same patient. Each is entitled to his pay, and in every such case the necessity of so doing must be left to the discretion of the party, or authority, calling in the help. Of course, if bad faith is shown, no liability would attach; but the city is not charged with bad faith, nor does the proof in the case even hint at that. The case of *Nixon* v. *Biloxi,* 76 Miss. 810, 25 South. 664, and all other authorities cited on this point by appellants, have no application under the facts of this case. The authorities cited merely hold that where the dissolution of the injunction and the services rendered are by a salaried officer, and no additional fees are actually paid, but the service rendered in the official capacity of the person rendering same and as a part of his duty, there can be no recovery on the injunction bond for counsel fees for such service. But the facts of this case do not bring it within the rule declared by the cases cited. See cases cited in the note on page 75 of 16 L. R. A. (N. S.), in the case of *Littleton* v. *Burgess.* In the case of *Warren County* v. *Booth,* 81 Miss. 267, 32 South. 1000, this court held that boards of supervisors may employ other counsel in cases in which the county is interested, even though the board have regular counsel employed at an annual salary.

We can perceive no good reason why it should be held that either a county or a municipality must in all cases rely for its prosecution or defense on its retained counsel, and not be allowed to employ associate counsel when in their judgment the necessity arises. If they can employ such additional counsel in any case, they may do so in an injunction suit, as well as in any other, and the injunction bond can be made to respond in damages to any reasonable amount necessary to compensate the additional counsel so employed. An inspection of this record convinces us that the city of Vicksburg had employed associate counsel under a valid contract, and that under

this contract of employment, as shown in the record, if this injunction suit is finally dismissed, the bond given in that suit is liable for a reasonable attorney's fee as compensation to the associate counsel. The city attorney seems not to have rendered any service in this suit, and is certainly not claiming any fees on account of any service rendered by him. The city attorney states that at the time this suit arose he was so busy that it was necessary for associate counsel to be employed, and, as stated by counsel for appellee, "there is not a suggestion in the record that additional counsel was employed merely for the purpose of aggravating the damage."

In setting out the appellant's assignments of error in a former part of this opinion, it will be noted that one of the arguments made here is that the court below erred in overruling the demurrer to the declaration. Appellee insists that this argument cannot be insisted upon in this court, because it is claimed that any right to object to the judgment of the court was waived by appellants when they pleaded to the declaration after the demurrer was overruled. Appellee says: "When a demurrer to a declaration is overruled, two courses are open to the defendant. He can either stand on his demurrer, and let judgment be entered in favor of the plaintiff, and rely upon reversing the judgment on appeal, or he can plead to the merits, in which case he can usually present the same questions by plea which were decided adversely to him on demurrer. Should he pursue this course, he cannot assign as error in the appellate court the action of the trial court in overruling his demurrer. By pleading over he is held to have waived his demurrer, and can only complain of errors committed in the determination of the issues presented by his pleas." Again, counsel for appellee state that "it is contended by appellants that the present action, having been brought, as is claimed, before the rendition of a final decree in the chancery cause, was premature."

We have quoted from brief of counsel for appellee for the purpose of emphasizing the contention made in the case. Before proceeding to discuss the questions involved on the authorities which we shall call attention to a little later, we will say that our view of the contention made by counsel for appellants is, not that the suit instituted on the bond was merely prematurely brought, but that at the time of its institution no cause of action existed, because no final decree of dismissal had been made. It is quite true that in appellants' brief the question is asked: "Was the plaintiff's suit premature?" But further on in the brief counsel for appellants state: "We contend that no right of action on the injunction bond had accrued." But it can make no difference what appellants' counsel stated in the brief as to whether or not he challenged the declaration because premature, or because it failed to state a cause of action. The court, in determining this question, will look to the pleading itself for an interpretation of its legal effect.

It appears from the record that the injunction suit was tried on a mere motion to dissolve the injunction. The cause was not set down for final hearing and the decree of the court extended only to a dissolution of the injunction, and did not attempt to make any final disposition of the cause. Counsel for appellee makes no contention that there was any final judgment dismissing the bill. Section 621 of the Code of 1906 provides that "when, on motion, an injunction shall be wholly dissolved, the bill of complaint shall be dismissed of course with costs, unless sufficient cause be shown against its dismission at the next succeeding term of the court." This statute has been practically the same since the Code of 1857. See Code of 1857, art. 69, p. 551. In the case of *Pickle* v. *Holland,* 24 Miss. 566, this court held that an order dissolving an injunction on motion for that purpose did not of itself dismiss the bill. It might be argued, with some force, that since the only relief sought

by the bill of complaint was an injunction, and since the
court had denied that relief and dissolved the injunction,
the court had the power to dismiss the bill, since the
record shows that full proof was made and no suggestion
was made that further testimony was desired to be taken,
or any improvement or addition desired to be made in
the case by way of amendment.   But the court did not
dismiss the bill, as was done in the case of *Bass* v. *Nelms,*
56 Miss. 502, and the case of *Derdeyn* v. *Donovan,* 81
Miss. 696, 33 South. 652.   In both of the cases just cited
the court dissolved the injunction and dismissed the bill,
but not so here.

In the case of *Penny* v. *Holberg,* 53 Miss. 567, this
court held: "It is undoubtedly true, as insisted by coun-
sel for the appellee, that a suit may be maintained, upon
a partial dissolution of an injunction for the recovery
of such damages as were sustained by reason of its being
sued out, to the extent that the same was wrongful, but
that this cannot be done until there has been a final
disposition of the suit in which the bond was given.   Nor
will it make any difference that the order of dissolution
has been appealed from and affirmed, if the case has by
the appellate court been remanded for further proceed-
ings.   The reason of this is obvious.   So long as the suit
remains in court undetermined, it is always possible,
however improbable, that cause may be shown to rein-
state and render perpetual the injunction in whole; and
the lower court would not be deprived of the power to
do this in a proper case, by the affirmance here of the
partial dissolution.   It follows, therefore, that, until there
has been a final determination of the suit in which the
injunction bond was executed, no action at law can be
maintained upon it.   High on Injunctions, § 981; *Gray* v.
*Veirs,* 33 Md. 159; *Hanserd* v. *Gray,* 46 Miss. 75."

In the case of *Goodbar & Co.* v. *Dunn,* 61 Miss. 624,
it was argued that the rule announced in *Penny* v. *Hol-
berg,* 53 Miss. 567, was abrogated by the adoption of sec-

99 Miss.—10

tion 1919 of the Code of 1880, which section in the Code
of 1880 is practically the same as section 624 of the Code
of 1906; but the court said: "Section 1919 of the Code
of 1880 does not change the rule announced in *Penny* v.
*Holberg,* 53 Miss. 567, that an action cannot be main-
tained on an injunction bond until the final determina-
tion of the case. The only purpose and effect of the last
clause of the section was to exclude the conclusion that
the remedy provided by the section was a denial of the
right before recognized to sue on the bond."

The rule announced in *Penny* v. *Holberg,* 53 Miss. 567,
is again redeclared in *Railroad* v. *Adams,* 78 Miss. 977,
30 South. 44, and in addition to redeclaring this rule the
court says: "As we have seen, the right of the plaintiff
to sue in this case is dependent upon the final determina-
tion of the suit in which the bond is given, . . . and it
follows that at the time this suit was instituted no cause
of action existed upon the bonds"—it appearing in the
above case that no final judgment or dismissal had been
rendered. We thus see that we have a declaration of
this court that until final judgment there is no cause of
action, and this is as it should be, since until final dis-
missal the bill is subject to amendment, and a case war-
ranting the injunction may be stated.

It is conceded by appellee that if the declaration is so
defective as that it fails to state a cause of action, a de-
murrer to the declaration is not waived, where there is a
judgment overruling same, followed by pleading to the
merits, and this is but a concession of what all the au-
thorities hold. *Teal* v. *Walker,* 111 U. S. 242, 4 Sup. Ct.
420, 28 L. Ed. 415, 31 Cyc. 746. In the case of *Southern
Ry. Co.* v. *Grace,* 95 Miss. 611, 49 South. 835, this court,
speaking through Justice Smith, said: "Where a dec-
laration fails to state a cause of action, as in the case
at bar, the defect may be raised by general demurrer,
the ground of which is never waived. It can be raised
at any time and at any place." We do not think it neces-

sary to further protract the discussion in this case.   The
requirement that an injunction bond shall not be placed
in suit until a final judgment dismissing the bill is based
upon just and sound principles of law.   The givers of
the bond only agree that it shall become liable for dam-
ages in the event the person suing out the injunction
shall wrongfully do so.   Until there has been a final de-
termination of the suit in which the bond·is given, it can-
not be definitely ascertained as to whether or not there
is, or will be, any liability on the bond.   Until liability
has accrued on the bond, it is merely contingent on the
part of the makers, and may never be a real liability.
The mere giving of the bond creates no liability, and
until there is a liability there is no cause of action, and
any declaration failing to state sufficient facts to show
liability fails to state a cause of action.   The declara-
tion must show the giving of the bond and the final de-
termination of the injunction suit.   See 22 Cyc., 1045,
note 35.                          *Reversed and remanded.*